UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ISADORE SCOTT, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | Nos. 2:17-CV-96, 2:10-CR-57 |
| v. | ) | *Judge Jordan* |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Isadore Scott ("Petitioner"), a federal prisoner, has moved the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1].[1] The United States has filed a response in opposition to Petitioner's motion [Doc. 3]. Petitioner did not reply to the response and the time for doing so has now passed [Doc. 6, Order requiring that any reply be filed within 30 days of the response]. In its response, the United States asserts that the motion is untimely and, thus, subject to dismissal based on the time-bar in § 2255(f), and alternatively, that Petitioner had waived his right to file the § 2255 motion and that the claims raised therein have been procedurally defaulted and also are meritless. For the reasons which follow, the Court finds that the § 2255 motion is untimely and will dismiss it accordingly.

### I. PROCEDURAL AND FACTUAL BACKGROUND

On May 11, 2010, a federal grand jury issued a four-count indictment charging Petitioner with distributing a mixture or substance containing a detectable amount of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Counts 1-3), and with possession with the intent

---

[1] Unless otherwise noted, all docket references in this Memorandum Opinion are to Petitioner's civil case, Case Number 2:17-CV-96.

to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 4) [Doc.1, Case No. 2:10-CR-57]. The government filed a notice under 21 U.S.C. § 851 to establish that Petitioner had three prior felony drug convictions the Washington County, Tennessee Criminal Court—one for the sale of cocaine and two for possession with the intent to sell or deliver cocaine [Doc. 10, Case No. 2:10-CR-57].

In mid-October of 2010, Petitioner entered into a plea agreement with the government in which he agreed to plead guilty to Count 3 of the indictment [Doc. 22, Case No. 2:10-CR-57]. The plea agreement provided that, in exchange for his guilty plea, Petitioner waived his right to file a direct appeal, with two exceptions, and his right to file a § 2255 motion or a collateral attack on his conviction or sentence, excluding claims of prosecutorial misconduct or ineffective assistance of counsel [*Id.* at ¶ 10(a) and (b)]. The Court draws the facts from those to which Petitioner stipulated, as contained in the factual basis in the plea agreement [*Id.* at ¶ 4].

On September 22, 2008, agents with the First Judicial District Drug Task Force met with a confidential informant (CI), gave him $100 in marked currency, and equipped him with an electronic transmitting device. The CI then made a recorded phone call to Petitioner to arrange a crack cocaine purchase. That evening, the CI met with Petitioner at a Johnson City service station, gave him the marked money, and in exchange received drugs in a mixture later determined to contain .2 grams of crack cocaine. On September 9th and 16th of 2009, the same series of events occurred on each of those days. The CI, fitted with an electronic transmitting device and carrying $100 in marked currency given to him by the agents, met with Petitioner at two different locations in Johnson City and exchanged the marked money for drugs, which later tests revealed to contain .4 grams of crack cocaine and .5 grams of crack cocaine respectively.

On January 6, 2010, officers executed a search warrant for a Johnson City apartment where Petitioner was known to stay occasionally. During the execution of the search warrant, officers found $500 in the top drawer of a chest of drawers and 17.1 grams of an off-white, rocklike substance that thereafter was tested and determined to contain 13.3 grams of crack. Petitioner was arrested and eventually charged for criminal violations stemming from the search of the residence.

On October 28, 2010, some nine days after entry of his plea agreement, Petitioner pled guilty to the crack-distribution charge in Count 3 in the indictment [Doc. 24, Case. No. 2:10-CR-57]. Thereafter, the United States Probation Office, using the 2010 version of the United States Sentencing Guidelines Manual, issued a Presentence Investigation Report (PSR) to assist the Court in sentencing Petitioner, [PSR (sealed), Case No. 2:10-CR-57].

Using United States Sentencing Guideline ("USSG") § 2D1.1 for § 841 offenses involving at least 11.2 grams but less than 16.8 grams of cocaine base, the probation officer who prepared the PSR determined that Petitioner's base offense level was 20 [*Id.* at ¶ 18]. Based on Petitioner's two prior felony convictions for a controlled substance offense, specifically his 2009 convictions for two counts of possession of a controlled substance for resale/delivery, the probation officer deemed him to be a career offender under USSG § 4B1.1 [*Id.* at ¶¶ 24, 36, and 41]. Because of the career offender designation, Petitioner's offense level was 34 under USSG § 4B1.1(b)(B), rather than the lower level of 20 previously calculated [*Id.* at ¶ 24]. A one- level and a two-level reduction for acceptance of responsibility yielded a total offense level of 31 which, along with a criminal history category of VI (as required by his career offender designation), resulted in an advisory Guidelines range of 188 months to 235 months [*Id.*, ¶¶ 25-26, 45, and 61]. The parties did not object to the PSR [Doc. 25, Case No. 2:10-CR-57], and the case proceeded to sentencing.

By means of a judgment entered on March 11, 2011, Petitioner was convicted of the cocaine-distribution offense and received a 170-month sentence of imprisonment as a career offender, to be followed by six years of supervised release [Doc. 28, Case No. 2:10-CR-57]. The Court dismissed the remaining counts upon motion of the government [*Id.*]. In keeping with the appeal waiver in the plea agreement, Petitioner did not file a direct appeal.

Petitioner constructively filed his pro se § 2255 motion to vacate and supporting memorandum of law on June 15, 2017, the date stamped by the prison mailroom on the envelope containing those documents to show that it was processed on that date. *See Houston v. Lack*, 487 U.S. 266 (1988) (deeming a prisoner's filing of court paperwork to be the date he hands it over to the prison authorities for mailing); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (applying *Houston*'s "prison mailbox rule" to § 2255 motion). The motion challenges Petitioner's career offender enhancement to his 2011 sentence and cites, as authority, *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016) [Docs. 1-2]. Petitioner reasons that because *Descamps* is retroactive and because he filed this motion to vacate within one year of *Mathis*, his § 2255 motion is timely [Doc. 2 at 4].

## II.  STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case);

*Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (applying *Brecht* test to § 2255 motion).

To warrant relief for a non-constitutional error, a petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error that violated due process. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir. 2000); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (observing that a sentencing guidelines error "does not warrant collateral relief under § 2255 absent a complete miscarriage of justice"). Also, a petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to secure collateral relief. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166). The Supreme Court has described the § 2255 the remedy as "comprehensive," but, at the same time, has cautioned that "it does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

### III. DISCUSSION

The Court turns first the threshold issue of timeliness to determine whether it can address Petitioner's motion to vacate or the claims raised therein.

**A. Statute of Limitation**

Motions under 28 U.S.C. § 2255 asking for collateral relief are subject to a one-year statute of limitation, running from one of four dates. 28 U.S.C. § 2255(f)(1)-(4). Usually, the date on which the judgment of conviction becomes final is the relevant date. 28 U.S.C. § 2255(f)(1). However, a new statute of limitation is triggered for claims based on a right which "was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The

Court must determine, under both §§ 2255(f)(1) and (f)(3), the limitations period that applies to Petitioner's motion to vacate.

   1.    **Subsection (f)(1)**

Under the first subsection, § 2255(f)(1), the one-year limitations period begins to run on the date a conviction becomes final. Petitioner's judgment of conviction was entered on March 11, 2011 [Doc. 28, Case No. 2:10-CR-57]. As noted, Petitioner did not file a notice of appeal. Hence, Petitioner's judgment became final on Monday, March 28, 2011 (the first day the courthouse was open after the lapse of the fourteen-day period to file a notice of appeal). *See* Fed. R. App. P. 4(b)(1)(A) (setting a 14-day period for a criminal defendant to file a notice of appeal); Fed. R. Civ. P. 6(a)(3)(A) (extending time to file to first day Clerk's Office is accessible after a Saturday or Sunday); *see also Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013) (observing that "[a] conviction becomes final when the time for direct appeal expires and no appeal has been filed" (citing *Sanchez–Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)).

This means that Petitioner had one year from March 28, 2011, i.e., until March 28, 2012, to file a timely § 2255 motion under subsection one. 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."). Petitioner filed his § 2255 motion on June 19, 2017, more than five years too late. Thus, his § 2255 motion is untimely under the first subsection of the statute.

   2.    **Subsection (f)(3)**

Under the third subsection, § 2255(f)(3), a motion is timely so long as it is filed within one year after the Supreme Court issues an opinion newly recognizing a right and holding that it applies retroactively to cases on collateral review. 28 U.S.C. § 2255(f)(3). Petitioner relies on *Descamps*, which he maintains applies retroactively to this collateral review case, and on *Mathis* which he

implicitly suggests recognized a new right. The Court infers from Petitioner's contentions that he is maintaining that these cases, taken together, render his motion timely. Petitioner's reliance on *Descamps* or *Mathis* to start a new period of limitation is misplaced. Neither case applies retroactively to this § 2255 motion.

First, "[t]he Supreme Court in *Descamps* explained that it was not announcing a new rule, but was simply reaffirming the *Taylor/Shepard* approach,[2] which some courts had misconstrued." *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014). Put simply, *Descamps* is not a case in which the Supreme Court initially and newly recognized a right that was made retroactively applicable to cases on collateral review and, thus, it cannot be used to start a new statute of limitations under § 2255(f)(3) for filing Petitioner's motion to vacate. Furthermore, the envelope containing Petitioner's § 2255 motion seeking relief under *Descamps* is postmarked June 15, 2017 [Doc. 2-1], more than a year after the Supreme Court issued its *Descamps* opinion on June 30, 2013. Thus, even if *Descamps* did announce a new rule, Petitioner's § 2255 motion asserting this Supreme Court case as authority motion would be untimely under § 2255(f)(3).

*Mathis* interpreted the statutory word "burglary" in the ACCA, but that decision did not announce a new rule of constitutional law, and it has not been made it retroactively applicable to cases on collateral review. *In re: Conzelmann*, 872 F.3d 375, 377 (6th Cir. 2017); *see also Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018). Instead, *Mathis* involved an old rule of

---

[2] In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court explained that, as a framework for determining whether a prior conviction is a violent felony under the ACCA, courts should use "a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Id.* at 600. *Taylor* permitted courts to review certain court documents to determine whether a prior conviction qualified for a sentence enhancement. *Id.* at 602. In making that determination with respect to a conviction resulting from a guilty plea, the Supreme Court later instructed, in *Shepard v. United States*, 544 U.S. 13 (2015), that the documents which could be consulted were the charging instrument, the plea agreement or plea colloquy transcript in which a defendant confirms the factual basis for the plea or "some comparable judicial record of this information." *Id.* at 26.

statutory law governing the categorical approach as a method of determining whether a prior conviction fits within a given definition in the ACCA or the career offender guideline. *Mathis*, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements.").

Because the Sixth Circuit has stated explicitly that "the holdings in *Mathis* and *Descamps* are not new rules of constitutional law that the Supreme Court has made retroactive to cases on collateral review," *Goins v. United States*, No. 16-6826, 2017 WL 6546952, at *1 (6th Cir. June 26, 2017) (citing *Dawkins v. United States*, 829 F.3d 549, 550–51 (7th Cir. 2016) (per curiam) (*Mathis*), and *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) (*Descamps*)), Petitioner cannot claim the benefit of those two cases to avoid the one-year time bar in § 2255(f)(3).

Therefore, Petitioner's motion has been filed out-of-time under § 2255(f)(3), and it will not be reviewed unless he can show that he is entitled to equitable tolling.

### B. Equitable Tolling of Subsection 2255(f)(1)

The AEDPA establishes "a tight time line, a one-year limitation period" *Mayle v. Felix*, 545 U.S. 644, 662 (2005), but § 2255(f)'s statute of limitations is not jurisdictional and may be tolled under extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6th Cir. 2001). Equitable tolling is used sparingly, and a petitioner bears the burden of establishing that equitable tolling applies to his case. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). To demonstrate that equitable tolling is warranted, a petitioner must show "(1) that he has been pursuing [his] rights diligently, and (2) that some extraordinary circumstance stood in [his] way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544

U.S.at 418); *Hall v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day."). Only reasonable diligence is required to qualify for equitable tolling of § 2255(f)'s one-year statute of limitation, not the maximum feasible diligence. *Holland*, 560 U.S. at 653. Whether equitable tolling is warranted is a fact-intensive inquiry. *Id.* at 654.

Review of the motion and memorandum in support does not reveal any extraordinary circumstance justifying Petitioner's failure to present his sentencing claim in a timely fashion. Petitioner was on notice that Respondent was arguing that his § 2255 motion was untimely and that it was not saved by equitable tolling [Doc. 3 at 3 (asserting a time-bar and absence of allegations to invoke equitable tolling) and 6 (certifying that a true copy of the response was sent to Petitioner by mail)]. Yet, Petitioner did not take advantage of the opportunity to make a factual case for equitable tolling of the statute of limitation. *See Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness).

The Court therefore finds that equitable tolling is not appropriate here.

### III. CONCLUSION

Based on the above law and analysis, Petitioner's § 2255 motion to vacate, set aside, or correct sentence [Doc. 1] will be **DENIED** as untimely, and his case will be **DISMISSED**. Because the Court finds the § 2255 motion to be time-barred, it need not address Respondent's other arguments seeking dismissal of Petitioner's motion to vacate.

### IV. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Id.*; *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001). If there is a plain procedural bar and the district court is correct to invoke it to resolve the case, and a reasonable jurist could not find that either that the dismissal was error or that a petitioner should be allowed to proceed further, a COA should not issue. *Slack*, 529 at 484.

Having examined Petitioner's claims under the *Slack* standard, the Court concludes that reasonable jurists could not find that its procedural ruling on this petition was debatable or wrong. Because reasonable jurists could not disagree with the Court's denial of the § 2255 motion as untimely and could not conclude that issues offered in the motion are "adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), the Court will **DENY** issuance of a certificate of appealability. Fed. R. App. P. 22(b). The Court will **CERTIFY** that any appeal from this action would not be taken in good faith, Fed. R. App. P. 24(a), and consequently will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

Finally, the Clerk will be **DIRECTED** to close the civil case, Case No. 2:17-CV-96.

**A separate judgment will enter.**

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge